# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
## SEPTEMBER SESSION, 1998

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 03C01-9708-CR-00358 |
| Appellee | ) | |
| | ) | ROANE and MORGAN COUNTIES |
| vs. | ) | |
| | ) | Hon. E. Eugene Eblen, Judge |
| MARK GRIFFIS, | ) | |
| | ) | (Community Corrections Revocation) |
| Appellant | ) | |

**FILED**

October 13, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

For the Appellant:

**Joe Walker**
**Walter B. Johnson, II**
P. O. Box 334
Harriman, TN  37748

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Todd R. Kelley**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

**Charles E. Hawk**
District Attorney General

**Dennis Humphrey**
Asst. District Attorney General
P. O. Box 703
Kingston, TN  37763

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## OPINION

The appellant, Mark Griffis, appeals the judgments of the Criminal Courts of Roane and Morgan Counties revoking his placement in the local Community Corrections program. Prior to his revocation, the appellant was serving an eight year Community Corrections sentence from Roane County and a three year Community Corrections sentence from Morgan County. The appellant argues, on appeal, that the conditions, which he does not deny violating, were merely technical in nature, thus, the trial court's revocation of his Community Corrections sentences constituted an abuse of discretion.

After review, we affirm.

## Analysis

In April 1995, the appellant pled guilty in Roane County to the class B felony sale of cocaine and received an eight year Community Corrections sentence. In November 1995, he was convicted of aggravated burglary and theft of property in Morgan County and received a concurrent three year Community Corrections sentence.

In April 1997, a warrant issued charging the appellant with violation of Rules 6, 10, 16, and 21 of his behavioral contract, *i.e.,* the appellant (6) failed to make scheduled payments on fines, (10) failed to report to his Community Corrections officer, (16) failed to report changes in his residence, and (21) failed to report an arrest for aggravated burglary and theft over one thousand dollars to his Community Corrections officer. Finding the alleged violations supported by the proof, the trial

2

court revoked the appellant's Community Corrections sentences and ordered that the balance of his sentences be served in the Department of Correction.[1]

The law concerning revocation of a Community Corrections sentence is clear. The trial court has the discretion to revoke a community corrections sentence upon a finding that the defendant has violated the conditions of his behavioral contract. State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991). However, before a defendant may be revoked, the record must contain sufficient evidence to permit the trial court to make an intelligent and conscientious decision. Id. On appeal, the trial court's decision will not be disturbed absent a finding that the trial court abused its discretion. Harkins, 811 S.W.2d at 82. To find an abuse of discretion, the reviewing court must conclude that the record contains no substantial evidence to support the conclusion of the trial court that the defendant violated the terms of the community corrections program. Id.

At the revocation hearing, the State presented the testimony of Frank Tucker, the appellant's Community Corrections officer, who related the circumstances surrounding the alleged violations. The appellant offered the testimony of his fiancee, Deanie Brown, not to refute the occurrence of the violations, but to offer reasonable explanations for them. Accordingly, the record provides ample proof to support the trial court's finding that the violations occurred.

Moreover, the appellant's argument that revocation is not proper because the violations were only technical in nature is clearly without merit. The behavioral contract setting forth the conditions of his Community Corrections sentences makes

---

[1] We note that the trial court's "Order of Revocation . . ." in Roane County case #10712 reflects that the appellant was resentenced to the Community Corrections program. Obviously, as evidenced by the transcript of the revocation hearing and the fact that neither party disputes the appellant's sentence to the Department of Correction, this is merely a clerical mistake. Such clerical errors may be remedied by motion in the trial court pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure. See State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn.1996).

no distinction between what the appellant refers to as a "technical" violation versus a "non-technical" violation. The contract does provide that "Mark Griffis further understands that failure to comply with any portion of this contract may result in a warrant being filed for immediate arrest. . . ." (Emphasis added). In plain language, a violation irrespective of its nature remains a violation.

Upon review of the record before us, we conclude that the record contains more than sufficient proof to enable the trial court to make an intelligent and conscientious decision. As we find no abuse of the trial court's discretion, the judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
JOSEPH M. TIPTON, Judge